COURT OF APPEALS OF VIRGINIA


Present: Judge Bray, Senior Judges Baker and Overton[*]
Argued at Norfolk, Virginia


ROBERT M. McCOMBS

v.          Record No. 0341-98-1

ROSEMARY M. McCOMBS

MEMORANDUM OPINION[**]
PER CURIAM
FEBRUARY 2, 1999

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
A. Bonwill Shockley, Judge

Reeves W. Mahoney (Timothy M. Richardson;
Huff, Poole & Mahoney, P.C., on briefs), for
appellant.

Kenneth W. Stolle (Bennett & Stolle, P.C., on
brief), for appellee.


Relying upon the terms of a "Stipulation Agreement" with his former wife, Rosemary M. McCombs (wife), Robert M. McCombs (husband) moved the trial court to deny wife earnings which accrued on her undistributed share of husband's "retirement accounts" after the agreed valuation date. The court determined that the agreement allotted wife a settled share of the subject accounts "based on a valuation date of January 1, 1994,"[1] together with "the dividends and any interest on [wife's] portion

---

[*]Judge Overton participated in the hearing and decision of this case prior to the effective date of his retirement on January 31, 1999 and thereafter by his designation as a senior judge pursuant to Code § 17.1-401, recodifying Code § 17-116.01:1.

[**]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

[1]Contrary to the recitation in the disputed order, the agreement provides, "as valued on January 1, 1994."

. . . [which] shall accrue from [that date] forward."  Husband appeals, contending that the ruling departs from the terms of the agreement.  We agree, and reverse the order.

When called upon to construe property settlement agreements, "our threshold inquiry is whether their terms are ambiguous." Smith v. Smith, 3 Va. App. 510, 513, 351 S.E.2d 593, 595 (1986). "[A]mbiguity exists when [the] language admits of being understood in more than one way or refers to two or more things at the same time."  Id. (citations omitted).  Although the parties to an agreement "may advance different interpretations of the provisions . . ., this 'does not necessarily imply the existence of ambiguity where there otherwise is none.'"  Douglas v. Hammett, 28 Va. App. 517, 523, 507 S.E.2d 98, 101 (1998) (citation omitted).

Absent ambiguity, the rights of the parties are determined by the language of the agreement, applied consistent with "ordinary meaning" and without judicial revision.  Smith, 3 Va. App. at 514, 351 S.E.2d at 595.  The "meaning and effect" of an unambiguous agreement "are questions of law to be determined by the court," and "we are not bound by [a] trial court's construction of . . . contract provisions . . . in issue." Tiffany v. Tiffany, 1 Va. App. 11, 15, 332 S.E.2d 796, 799 (1985).

Here, at the outset, we find no ambiguity in those provisions of the agreement in issue.  The language expressly

provides for the transfer of "[f]ifty percent (50%) of husband's retirement accounts . . . as valued on January 1, 1994," to wife.[2] "[S]egregat[ion] in a separate account . . . for wife" was to occur "as soon as possible after entry of a final divorce decree and . . . [Q.D.R.O.] prepared by wife's counsel." Such language clearly manifests the intent of the parties that wife later receive one-half of the aggregate value of the subject accounts as determined on January 1, 1994, a date which preceded the agreement by nearly two years, without mention of subsequently accrued earnings.

The parties, therefore, did not contemplate the inclusion of dividends and interest on wife's share. They simply agreed upon an uncomplicated formula which permitted each to contemporaneously and precisely determine their respective benefits and burdens relative to the accounts, thereby promoting a mutually acceptable and expeditious resolution of differences. Accordingly, we reverse the disputed order and remand the proceedings to the trial court for further disposition consistent

---

[2] Retirement Accounts: As an obligation which shall not be dischargeable in bankruptcy, Wife shall receive Fifty percent (50%) of Husband's retirement accounts at Eastern Virginia Medical School . . . as valued on January 1, 1994 which shall be "rolled over" or separated or segregated into a separate account or accounts for Wife as soon as possible after entry of a final divorce decree and a Qualified Domestic Relations Order ("Q.R.D.O.") prepared by Wife's counsel and endorsed by Husband's counsel.

with this opinion.

                                    <u>Reversed and remanded.</u>